UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DAVID KEETON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) |
| CREDIT MANAGEMENT, LP | ) |
| | ) |
|    Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, DAVID KEETON ("Plaintiff"), by and through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, CREDIT MANAGEMENT, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Brodhead, Rockcastle County, Kentucky.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in the City of Carrollton, Denton County, Texas.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff, originating from a Windstream account.

16. The alleged debt owed by Plaintiff arises from transactions for personal, family, and household purposes.

17. In or around February 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone, at 606-308-3504, in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from 800-377-7789, which is one of Defendant's telephone numbers.

19. In or around February 2017, Plaintiff answered a collection call placed by one of Defendant's collectors.

20. During the above-referenced collection call:

    a. Plaintiff disputed owing anything further on his closed account with original creditor Windstream and would not pay the alleged debt;

    b. Defendant's collector informed Plaintiff of the alleged service dates Plaintiff owed for Windstream service;

    c. Plaintiff again confirmed his dispute by informing Defendant's collector that Plaintiff did not even have Windstream service during the alleged service dates and would not pay the alleged debt; and

    d. Plaintiff told Defendant's collectors to stop calling Plaintiff.

21. Despite Plaintiff's request that Defendant not call him anymore, Defendant continued to place collection calls to Plaintiff.

22. On April 7, 2017, Plaintiff's counsel sent a cease-and-desist letter to Defendant. A true and correct copy is attached hereto as Exhibit A.

23. Despite Defendant receiving a cease-and-desist letter from Plaintiff's counsel, Defendant continued to place collection calls to Plaintiff.

24. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

25. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(2) of the FDCPA by continuing to call Plaintiff after Defendant had notice that Plaintiff was represented by an attorney;

    b. Defendant violated § 1692c(c) of the FDCPA by continuing to call Plaintiff after Defendant received a cease-and-desist letter from Plaintiff's counsel;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors continued to place collection calls to Plaintiff after Plaintiff disputed owing the debt and told Defendant that he would not pay and to stop calling him—and Defendant's collectors continued to call Plaintiff even after receiving a cease-and-desist letter from Plaintiff's counsel;

    d. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant's collectors continued to place collection calls to Plaintiff after Plaintiff disputed owing the debt and told Defendant that he would not pay and to stop calling him—

and Defendant's collectors continued to call Plaintiff even after receiving a cease-and-desist letter from Plaintiff's counsel;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told multiple times to stop calling Plaintiff;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told multiple times to stop calling Plaintiff;

g. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued to call Plaintiff in an attempt to collect the alleged debt;

h. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector refused to acknowledge Plaintiff's dispute of the alleged debt and continued to press Plaintiff for payment by continuing to call Plaintiff; and

i. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

means to collect or attempt to collect any debt when Defendant engaged in each of the foregoing violations.

WHEREFORE, Plaintiff, DAVID KEETON, respectfully requests judgment be entered against Defendant, CREDIT MANAGEMENT, LP, for the following:

28. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

30. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 20, 2017                By:   /s/ Shireen Hormozdi
                                    Shireen Hormozdi
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road, Suite 175
                                    Norcross, GA 30093
                                    Tel: 678-395-7795
                                    Fax: 866-929-2434
                                    shireen@agrusslawfirm.com
                                    shireen@norcrosslawfirm.com
                                    Attorney for Plaintiff

# EXHIBIT A



4809 N. Ravenswood Avenue
Suite 419
Chicago, IL 60640

Local: 312-224-4695
Cell: 312-715-8054
Fax: 312-253-4451
www.agrusslawfirm.com
emily@agrusslawfirm.com

April 7, 2017

Via USPS

Credit Management, LP
4200 International
Carrollton TX 75007

Re:   David Keeton
      Cell Phone: (606)-308-3504

To Whom It May Concern:

Please stop all further communications with David Keeton. Credit Management, LP is calling Mr. Keeton on the telephone number indicated above attempting to collect an alleged debt.

Sincerely,

Emily Owen